# Taylor, Appellant, *v.* Orndoff.

*Estrays—Evidence—Record—Parties—Replevin.*

In an action of replevin to recover a stray horse which had been impounded, it is proper to exclude the record of a proceeding in the Common Pleas setting aside a judgment of a justice of the peace obtained under the Stray Act of April 13, 1807, offered by plaintiff for the purpose of showing that the impounding was illegal, where the record shows that the proceeding was against another person than the plaintiff in the replevin, and that what was done by the magistrate under the Act of 1807, was wholly coram non judice.

Where an action of replevin has been brought to secure possession of a horse which has strayed upon defendant's inclosed lot, and been seized by the defendant to secure compensation for the damage it had done, the defendant may show that he had acquired a lawful lien upon the horse, and that the owner could not recover possession of it with the consequent destruction of the defendant's lien, except upon the conditions contemplated by Sec. 6 of the Act of April 19, 1901, P. L. 88.

Argued April 9, 1918. Appeal, No. 95, April T., 1918, by plaintiff, from judgment of C. P. Greene Co., Sept.

Sessions, 1913, No. 58, on verdict for defendants in case
of O. M. Taylor v. Isaac Orndoff et al. Before ORLADY,
P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER
and WILLIAMS, JJ. Affirmed.

Replevin for a horse. Before RAY, P. J.

The opinion of the Superior Court states the case.

At the trial plaintiff offered in evidence the record
of a proceeding in the Common Pleas on certiorari re-
viewing a judgment of a justice of the peace in a case
brought by the defendant against one, Zachariah Tay-
lor, under the Stray Act of April 13, 1807, to show that
the impounding was illegal. The judgment was reversed
because no notice of the proceedings before the viewers
had been given to the defendant in that case.

The court excluded the offer. (1)

The court submitted to the jury the question whether
the defendants had suffered damages. (3)

Verdict and judgment for defendants for $2. Plaintiff
appealed.

*Errors assigned* were (1) ruling on evidence quoting the
bill of exceptions and (3) in submitting the question of
damages to the jury.

*Carl J. Crawford,* for appellant.—The record of the
Common Pleas should have been admitted: Patterson
v. Anderson, 40 Pa. 359.

In an action of replevin to recover possession of per-
sonal property, a set-off cannot be pleaded: National
Cash Register Co. v. Cochran, 22 Pa. Superior Ct. 582.

*James J. Purman,* with him *Joseph Patton,* for appel-
lees.—The fact that the stray proceedings failed for
want of notice of the award to the owner did not make
defendants trespassers in impounding the trespassing
horses; this record would not show that: Bennett v.
Fulmer, 49 Pa. 155; Goundie v. Northampton Water

Co., 7 Pa. 233; Winegrove v. Central Penna. Traction
Co., 237 Pa. 549; Summers v. Bergner Brewing Co., 143
Pa. 114.

The right to set up in this action of replevin, not a
set-off, but a claim for the damage the horse had done
has been passed upon by this court: Young v. Couche,
52 Pa. Superior Ct. 592.

OPINION BY HEAD, J., October 12, 1918:

The plaintiff was the owner of a horse which was per-
mitted to stray upon the cultivated land of the defendant
and his tenants or croppers.   The stray animal was
seized and impounded and notice given to the owner that
it would be released upon payment of the damages done
by the animal.   The plaintiff thereupon issued a writ of
replevin and the sheriff took the horse and delivered it
to the plaintiff, the owner.   If the defendants had suf-
fered any damage by the act of the stray animal, they
were justified in impounding it and holding it as secu-
rity for the payment of the damage caused.   When the
plaintiff sued out his writ of replevin he was of course
required to give a bond which thereafter stood as secu-
rity in lieu of the animal itself.   The case thereafter pro-
ceeded to trial and the jury rendered a verdict in favor
of the defendant for the sum of two dollars.   Judgment
was entered thereon and this appeal followed.

In Young v. Couche, 52 Pa. Superior Ct. 592, we fully
expressed the views of this court on the interpretation
of the Replevin Act of 1901 and the proper practice and
procedure thereunder.   The application of what was
there said to the facts of this case leads to the conclusion
the trial was conducted along correct lines.   We advert
but for a moment to the assignment of error which com-
plains of the ruling of the trial judge in sustaining an
objection to the offer of a certain record.   That was the
record in the Court of Common Pleas reviewing the judg-
ment of a magistrate brought up by writ of certiorari.
To the proceeding in question the present plaintiff was

no party.    There was nothing determined by the action of the court except that what was done by the magistrate and the viewers under the Act of 1807 was wholly coram non judice.    It of course could in no way affect the plaintiff who was not a party to it and he was at perfect liberty to begin this action of replevin to recover the possession of his property.    Nor was there anything in that record to estop the defendants from availing themselves of their right, afforded by the Act of 1901, to have their damages assessed in this proceeding.    The introduction of that record would have tended but to obscure the simple issue on trial and the learned court below was correct in rejecting it.    The assignments of error are overruled.

Judgment affirmed.